**Zhen Mei LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION
APPEALS, Respondent.**

Docket No. 03–40298.

United States Court of Appeals,
Second Circuit.

Aug. 9, 2005.

Gary J. Yerman, New York, N.Y., for Petitioner.

Kelly A. Zusman, Assistant United States Attorney, for Karin J. Immergut, United States Attorney for the District of Oregon, Portland, Or, for Respondent.

Present: CALABRESI, RAGGI, Circuit Judges, and COTE,* District Judge.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,** **AND DECREED** that the petition for review is **DENIED.**

Petitioner, Zhen Mei Liu ("Liu"), a native and citizen of China, petitions for review of the BIA's denial of her motion to remand her asylum application to an Immigration Judge ("IJ"). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

Liu's motion to remand can be treated either as a motion to reopen, or as a motion to reconsider. *See Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001) (noting that the BIA draws a distinction between motions to reopen and motions to reconsider). The BIA has the discretion to grant a motion to reopen if "it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1) (2005); *see also Ke Zhen Zhao*, 265 F.3d at 93 (recognizing abuse of discretion standard of review). Liu argues that reopening is appropriate because she faces future persecution in China as a result of having given birth to a second child in the United States. Although Liu presented State Department reports that constituted some evidence that China sometimes applies the same penalties to its nationals who have had children abroad as it does to residents, Liu's failure to adduce evidence that penalties amounting to persecution would apply in her particular situation precludes us from concluding that the BIA abused its discretion in declining to reopen her case.[1] A motion to reconsider, on the other hand, must specify, and support with pertinent

---

* The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

1. Before this Court, Liu also cites an affidavit from retired demographer John S. Aird, which purports to support her future persecu-tion claim. But this affidavit was not presented to the BIA, as the government points out. Therefore, we may not consider it. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 68 n. 2 (2d Cir. 2004).

authority, errors of fact or law in the BIA's or IJ's decision. 8 C.F.R. § 1003.2(b)(1) (2005); *Ke Zhen Zhao*, 265 F.3d at 90. Because she presents no reasons for concluding that the IJ's original ruling was erroneous, Liu's appeal also fails if we treat her motion to the BIA as a motion to reconsider.

The government argues that this Court may not review Liu's denial of asylum, because the IJ found that Liu had not met her burden of showing, by clear and convincing evidence, that she applied for asylum within a year of arriving in the United States—a prerequisite to relief under 8 U.S.C. § 1158(a)(2)—and the Attorney General's determination of an application's timeliness or untimeliness is unreviewable under 8 U.S.C. § 1158(a)(3). It is not entirely clear to us whether the BIA, in its order of July 17, 2003, adopted the IJ's findings of lack of timeliness. But since the BIA acted within its discretion in denying Liu's motion to remand, we do not need to reach the question to resolve this case.

We have considered all of Liu's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of deportation is DENIED.